**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.P. and M.P.**

**No. 21-0451** (Clay County 20-JA-2 and 20-JA-3)

**MEMORANDUM DECISION**

Petitioner Father A.P., by counsel Andrew B. Chattin, appeals the Circuit Court of Clay County's May 4, 2021, order terminating his parental rights to D.P. and M.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and James Wegman, filed a response in support of the circuit court's order. The guardian ad litem, Michael Ashbury Jr., filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in terminating his parental rights and in denying post-termination visitation with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed a child abuse and neglect petition alleging that the children lived in an unsuitable home with their mother. The DHHR alleged that the home was unsuitable because it was a "camper" that was cluttered with dirty clothes, food, garbage, and roaches and did not have sufficient room for then five-year-old D.P., then thirteen-year-old M.P., and the three other adults living there. Further, the home did not have running water, smoke detectors, or fire extinguishers. According to the DHHR, petitioner was aware of the conditions of the children's home, but he failed to protect the children from those conditions. The DHHR

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

also alleged that the parents allowed a registered sex offender to supervise the children. Petitioner waived his preliminary hearing, and the circuit court ordered that he pay $100.00 in child support on a monthly basis.

The circuit court convened for an adjudicatory hearing in February of 2020, and petitioner stipulated to the allegations alleged in the petition. The circuit court adjudicated him as an abusing parent and the children as neglected children. Thereafter, petitioner moved for a post-adjudicatory improvement period, which the circuit court granted. The circuit court ordered that the terms of petitioner's six-month improvement period would include participation in random drug screening, parenting and adult life skills classes, a parental fitness evaluation, individualized therapy, and supervised visitation with the children. The court also ordered petitioner to provide proof of income and pay child support as ordered.

The circuit court held the final dispositional hearing in February of 2021. The DHHR presented evidence that petitioner "disappeared" in September of 2020, and ceased participating in all services, including supervised visitation with the children. A DHHR worker testified that petitioner revealed to the parties that he had moved, unannounced, to the state of New York during the proceedings. The worker testified that she contacted the New York Department of Social Services, which investigated petitioner's New York residence in January of 2021 and found the home to be appropriate. The DHHR worker explained that services could have been provided for petitioner had he informed the DHHR in a timely manner that he was moving. The DHHR worker also testified that petitioner's parental fitness evaluation returned a "very poor" prognosis for parental improvement period, and the evaluator could not identify any services to improve petitioner's parenting.[2]

Petitioner admitted that he did not inform the DHHR of his intentions prior to moving to New York and that he "just up and left." He further admitted that he had not participated in the terms of his improvement period from August of 2020 until the final dispositional hearing. He testified that he did not remember the last time he saw the children and that he did not seek contact with the children after leaving West Virginia. Petitioner testified that he had a vehicle and a driver's license and could have driven to visit the children but did not do so. He further admitted that he had not paid any child support since it was ordered in January of 2020, despite being employed during that time. He provided a letter as proof of employment in New York, which indicated that his employment began in September of 2020. He further testified that he was living in a residence owned by his relatives and that it had sufficient space for the children.

Ultimately, the circuit court found that the DHHR offered petitioner services to remedy the conditions of abuse and neglect and that petitioner did not avail himself of those services. The court found petitioner had not visited the children since September 1, 2020, despite his having the means to do so. It further found petitioner failed to participate in parenting and adult

---

[2]Although petitioner's parental fitness evaluation was admitted as evidence below, petitioner did not provide it on appeal, and, therefore, the details of that report are unknown to this Court.

life skills classes, random drug screening, and individualized therapy. The circuit court concluded that petitioner was unwilling or unable to provide for the children's needs, that there was no likelihood that petitioner could overcome the conditions of neglect and abuse in the near future, and that termination of his parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated petitioner's parental rights to D.P. and M.P. Petitioner now appeals the circuit court's May 4, 2021, order that memorialized its decision.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues on appeal that the circuit court erred in terminating his parental rights because he substantially complied with services during his improvement period and corrected the conditions of abuse and neglect. Petitioner argues that he complied with services prior to moving to New York. Further, he asserts that the DHHR knew of his whereabouts, as evidenced by the New York Department of Social Services investigation of his home, and the DHHR failed to offer him services while he was out of state. Moreover, petitioner asserts that he had gainful employment and a fit home in New York and that he had corrected the conditions of abuse and neglect. We find petitioner is entitled to no relief.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon a finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

---

[3]The mother's custodial rights were terminated below. According to the parties, the permanency plan for the children is legal guardianship in their respective placements.

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child[ren].

Here, the record supports a finding that there was no reasonable likelihood that petitioner could correct the conditions of neglect and abuse in the near future because petitioner failed to fully participate in a reasonable family case plan that was designed to prevent abuse and neglect of the children. Despite petitioner's assertions on appeal that he participated in services, he readily admitted below that he failed to participate in any of the terms of his improvement period. In response to petitioner's argument that the DHHR failed to provide him services while he was in New York, we note that he ignores that the statutory burden for the completion of the terms of an improvement period is upon the parent who enjoys the improvement period. *See* W. Va. Code § 49-4-610(4)(A) ("[T]he [parent] shall be responsible for the initiation and completion of all terms of the improvement period."). The record is devoid of any evidence that petitioner completed any of those terms.

By his own admission, petitioner failed to participate in random drug screening, individualized therapy, or supervised visitations with the children. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Notably, petitioner never attempted to have contact with his children after he left West Virginia. Petitioner was aware of the instant proceedings, which had been pending for over six months when he left, yet he made no effort to remain in contact with the DHHR, who had legal and physical custody of his children. Finally, although petitioner was employed and was apparently sharing housing with relatives, there was no evidence that he addressed his poor parental judgment, as exhibited by petitioner's allowing a registered sex offender to supervise his children. Accordingly, we find no error in the circuit court's finding as petitioner failed to participate in a reasonable family case plan and did not remedy the conditions of abuse and neglect.

Finally, we have held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the record fully supports a finding that there was no reasonable likelihood that the conditions of neglect and

abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children, we find that the circuit court did not err in imposing the most drastic remedy available: the termination of petitioner's parental rights. Accordingly, we find petitioner is entitled to no relief in this regard.

Petitioner also argues that the circuit court erred in denying him post-termination visitation with the children. In support, he cites his own testimony that he has a strong bond with the children and asserts that there is no evidence in the record that a bond does not exist between himself and the children. This Court has held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). While we agree that there is no evidence that no bond exists between petitioner and the children, there is likewise no evidence that continued visitation would be in the best interests of the children and that contact would not be detrimental to their wellbeing. We find it unconscionable that petitioner would voluntarily remove himself from his children's lives, leave the state without any notice or contact, and then assert that continued post-termination contact was in the children's best interests. Upon our review, we find no error in the circuit court's ultimate decision to deny post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 4, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton